IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TINA GRIGG                                               PLAINTIFF

v.                    CIVIL NO. 14-5190

CAROLYN W. COLVIN, Commissioner
Social Security Administration                              DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Tina Grigg, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on January 5, 2012, alleging an inability to work since September 29, 2009, due to a bulging disk in her lower back; knee problems; carpal tunnel; high blood pressure; left leg problems; and an irregular heartbeat. (Tr. 131, 133, 149). An administrative video hearing was held on November 6, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 41-61).

1

By written decision dated May 30, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 14). Specifically, the ALJ found Plaintiff had the following severe impairments: obesity, asthma, a disorder of the left knee, and a disorder of the lumbar spine. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 15).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform a full range of sedentary work as defined in 20 C.F.R. § 404.1520(a) and § 416.920(a).  (Tr. 16).  The ALJ, with the use of the Medical-Vocational Guidelines (Grids), found Plaintiff was not disabled.  (Tr. 20).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on April 22, 2014.  (Tr. 1-6).  Subsequently, Plaintiff filed this action.  (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties. (Doc. 6).  Both parties have filed appeal briefs, and the case is now ready for decision.  (Docs. 9, 10).

The Court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314

2

F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§ 423(d)(1)(A), 1382c (a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(C). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §§ 404.1520,

416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity.  See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

**III.   Discussion:**

Plaintiff argues the following issues on appeal: 1) the ALJ erred in determining Plaintiff's severe impairments; 2) the ALJ erred in evaluating the medical opinions in the record; and 3) the ALJ erred in determining Plaintiff's RFC.

### A.   Plaintiff's Impairments:

At Step Two of the sequential analysis, the ALJ is required to determine whether a claimant's impairments are severe. See 20 C.F.R. § 404.1520(c).  To be severe, an impairment only needs to have more than a minimal impact on a claimant's ability to perform work-related activities. See Social Security Ruling 96-3p. The Step Two requirement is only a threshold test so the claimant's burden is minimal and does not require a showing that the impairment is disabling in nature. See Brown v. Yuckert, 482 U.S. 137, 153-54 (1987).  The claimant, however, has the burden of proof of showing she suffers from a medically-severe impairment at Step Two.  See Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir. 2000).

While the ALJ did not find Plaintiff's alleged paroxysmal supraventricular tachycardia to be a severe impairment, the ALJ specifically discussed this alleged impairment in the decision, and clearly stated that he considered all of Plaintiff's impairments, including the impairments that were found to be non-severe. See Swartz v. Barnhart, 188 F. App'x 361, 368 (6th Cir. 2006) (where ALJ finds at least one "severe" impairment and proceeds to assess claimant's RFC based on all alleged impairments, any error in failing to identify particular impairment as "severe" at step two is harmless); Elmore v. Astrue, 2012 WL 1085487 *12 (E.D. Mo. March 5, 2012); see also 20 C.F.R. § 416.945(a)(2) (in assessing RFC, ALJ must

4

consider "all of [a claimant's] medically determinable impairments ..., including ... impairments that are not 'severe' "); § 416.923 (ALJ must "consider the combined effect of all [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity"). Thus, the ALJ's finding that Plaintiff's alleged paroxysmal supraventricular tachycardia is not a "severe" impairment does not constitute reversible error.

### B.   ALJ's RFC Determination and Medical Opinions[1]:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect h[er] RFC." Id.

"The [social security] regulations provide that a treating physician's opinion ... will be granted 'controlling weight,' provided the opinion is 'well-supported by medically acceptable

---

[1] The Court has combined Plaintiff's second and third issues on appeal.

clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record.'" Prosch v. Apfel, 201 F.3d 1010, 1012-13 (8th Cir. 2000) (citations omitted). An ALJ may discount such an opinion if other medical assessments are supported by superior medical evidence, or if the treating physician has offered inconsistent opinions. Id. at 1013. Whether the weight accorded the treating physician's opinion by the ALJ is great or small, the ALJ must give good reasons for that weighting. Id. (citing 20 C.F.R. § 404.1527(d)(2)).

In the present case, the ALJ considered the medical assessments of examining and non-examining agency medical consultants, Plaintiff's subjective complaints, and her medical records when he determined Plaintiff could perform a full range of sedentary work. The Court notes that in determining Plaintiff's RFC, the ALJ discussed the medical opinions of examining and non-examining medical professionals, including the opinions of Drs. Amr Gouda El-Shafei, Mark Powell, and Lucy Sauer, as well as "other source" medical opinions completed by Stephen A. Joseph, PT, and set forth the reasons for the weight given to the opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted); Prosch v. Apfel, 201 F.3d 1010 at 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole).

In making this RFC determination, the ALJ addressed the medical source statement completed by Dr. El-Shafei in October of 2012. In declining to give Dr. El-Shafei's opinion great weight, the ALJ addressed Dr. El-Shafei's statement that Plaintiff was unable to work mainly due to her chronic back pain and left knee surgery. (Tr. 452). The ALJ pointed out

that Dr. El-Shafei was Plaintiff's cardiologist and did not treat her back and knee problems. The ALJ further noted that with respect to Plaintiff's alleged cardiac impairment, Plaintiff was able to treat this impairment with medication, and at the most recent visit, Dr. El-Shafei noted Plaintiff should return for a follow up appointment in one year. With respect to the environmental limitations placed upon Plaintiff by Dr. Sauer, the ALJ discussed the reasoning given for discounting this limitation, and that determination is supported by the record as a whole.  The ALJ also took Plaintiff's obesity into account when determining that Plaintiff could perform sedentary work.  Heino v. Astrue, 578 F.3d 873, 881-882 (8th Cir. 2009) (when an ALJ references the claimant's obesity during the claim evaluation process, such review may be sufficient to avoid reversal).  Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination for the relevant time period.

### C. Subjective Complaints and Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions.  See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole.  Id.  As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards, 314 F.3d at 966.

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. A review of the record reveals that Plaintiff was able to take care of her personal hygiene, noting that she can shower only; to prepare simple meals; to do light household chores; to sometimes drive; to shop in stores; to pay bills; and to visit with family. A review of the medical records also reveal Plaintiff was treated conservatively for her alleged impairments and that said impairments responded well to treatment.

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, she has not established that she is unable to engage in any gainful activity. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

### D. Use of the Medical Vocational Guidelines (Grids):

Once Plaintiff has established a *prima facie* case by showing an inability to perform past relevant work, the burden of proof shifts to the Commissioner to show that Plaintiff has the residual functional capacity to perform some other kind of work and that jobs are available in the national economy which realistically fit her capabilities. Reed v. Sullivan, 988 F.2d 812, 815 (8th Cir. 1993). If the claimant is found to have only exertional impairments (affecting the ability to perform physical labor), the Commissioner may meet this burden by referring to the Grids which are fact-based generalizations about the availability of jobs for people of varying ages, educational background, and previous work experience, with differing degrees of exertional impairment. Foreman v. Callahan, 122 F.3d 24, 26 (8th Cir. 1997); Robinson v. Sullivan, 956 F.2d 836, 841 (8th Cir. 1992)(citations omitted). Given the Court's finding that

substantial evidence supports the ALJ's determination that Plaintiff is capable of the full range of sedentary work, the Court believes the ALJ properly relied on the Grids, eliminating the need for expert vocational testimony, in concluding that given Plaintiff's age, education, work experience, and capacity for sedentary work, Plaintiff was not disabled.

While the Court finds substantial evidence to support the ALJ's RFC determination, even if Plaintiff should avoid excessive amounts of dust and fumes, the impact on the broad world of work would be minimal because most jobs do not involve great amounts of dust and fumes. See SSR 85-15, 1985 WL 56857 (S.S.A.).

**IV.     Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed.  The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 29th day of January, 2016.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE